UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Alicia D. Boerin-Block, | ) | C/A No. 8:12-110-TMC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| Carol Hamlet, | ) | |
| | ) | |
| Defendant. | ) | |

## *Background of this Case*

Plaintiff currently resides in Greenville, South Carolina. Defendant is a resident of Easley, South Carolina. This civil action arises out of what appears to be an intra-family dispute relating to Plaintiff's brother. Plaintiff alleges that Defendant has prevented her from contacting her (Plaintiff's) brother and has opened mail addressed to Plaintiff. In her Answers to Rule 26.01 Interrogatories, Plaintiff alleges fraud, "subtraction of personal property," theft, and mail fraud.

## *Discussion*

Plaintiff is a *pro se* litigant, and her pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Nevertheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable.

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even when considered under this less stringent standard, the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Generally, a case can be originally filed in a federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C. § 1332. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking,* 147 F.3d at 352. *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley,* 191 F.3d at 399 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction

8:12-cv-00110-TMC     Date Filed 01/17/12    Entry Number 10    Page 3 of 6

if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3](3d ed. 1997)). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.

Insofar as any civil rights claims are concerned, Defendant is subject to summary dismissal because she has not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Although a private individual can act under color of state law, her actions must occur where the private individual is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *cf. Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).

Whether a private individual's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S.

3

991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action.  It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991), which is cited in *Anderson v. Posey*, Civil Action No. 2:10-3180-TLW-RSC, 2010 WL 6562897 (D.S.C. Dec. 23, 2010), *adopted*, 2011 WL 1595265 (D.S.C. April 27, 2011).  Hence, Defendant's use of legal process against Plaintiff is not action under color of state law.

Conversion of personal property is a cause of action under South Carolina law.  *See Oxford Fin. Companies, Inc. v. Burgess*, 402 S.E.2d 480, 482 (S.C. 1991); and *Mackela v. Bentley*, 614 S.E.2d 648, 650-51 (S.C.Ct.App. 2005).  Fraud is also a cause of action under South Carolina law.  *See Regions Bank v. Schmauch*, 582 S.E.2d 432, 444 (S.C. 2003), which is cited in *Enhance-It, L.L.C. v. Am. Access Technologies, Inc.*, 413 F. Supp. 2d 626, 629-30 (D.S.C. 2006) (noting nine elements for a cause of action for fraud under South Carolina law).

A *state* law cause of action would be cognizable in this federal court under the diversity statute if that statute's requirements are satisfied.  However, there is no basis for diversity jurisdiction in this case to consider Plaintiff's claims arising under South Carolina law.  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See Owen Equip. & Erection*

*Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).  Complete diversity of parties is absent in this case because Plaintiff and Defendant are both citizens of South Carolina.  *See* 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  Moreover, even if complete diversity of parties were present in this case, there is no indication that the value of Plaintiff's lost property exceeds the jurisdictional amount of the diversity statute.  *Anderson v. Caldwell*, Civil Action No. 3:10-1906-CMC-JRM, 2010 WL 3724752 (D.S.C. Aug. 18, 2010) (collecting cases), *adopted*, 2010 WL 3724671 (D.S.C. Sept. 15, 2010).

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Plaintiff's attention is directed to the important Notice on the next page.

January 17, 2012                                                s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).