IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Alicia D. Boerin-Block, ) | |
| ) | C/A No. 8:12-110-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Carol Hamlet, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Alicia D. Boerin-Block ("Plaintiff"), a *pro se* Plaintiff presently residing in Greenville, South Carolina, filed this action against the Defendant alleging that the Defendant has prevented her from contacting her (Plaintiff's) brother and has opened mail addressed to the Plaintiff. In her Answers to Rule 26.01 Interrogatories, Plaintiff alleges fraud, "subtraction of personal property," theft and mail fraud in this action which appears to be an intra-family dispute relating to Plaintiff's brother. The Magistrate Judge's Report and Recommendation (Dkt. No. 10), filed on January 17, 2012, recommends that the Court summarily dismiss the above-captioned case without prejudice and without service of process due to a lack of subject-matter jurisdiction. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Plaintiff was advised of her right to file objections to the Report and Recommendation (Dkt. No. 10 and 6). However, Plaintiff filed no objections to the Report and Recommendation.

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. No.10) and incorporates it herein. It is therefore **ORDERED** that the above-captioned case is **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

                                                              s/Timothy M. Cain
                                                              Timothy M. Cain
                                                              United States District Judge

Greenville, South Carolina
February 9, 2012

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.